IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-03-923 |
| | § | |
| GORDON E. DAVENPORT | § | |

**OPINION AND ORDER**

Before the Court is the "Motion to Strike Opinion Testimony of Plaintiff's Expert, Donald W. Barker" filed by Gordon E. Davenport, the named Defendant in this cause. Having given careful consideration to the Parties' submissions and arguments, the Court issues this Opinion and Order.

The Court will not recite the facts of this case again, except insofar as necessary to dispose of the instant motion. On July 2, 1980, Davenport's Aunt Birnie gave him her interest in 537 shares of common stock in Hondo Drilling Company. On July 8, 1980, Aunt Birnie made a similar gift to Davenport's cousin, C. Edward Botefuhr. At the time of Aunt Birnie's gifts the stock certificates were issued in the name of her sister, Elizabeth, who had died on December 2, 1979, and whose estate, including the Hondo stock at issue here, was the subject of contested probate proceedings which did not conclude until 1984. Unfortunately, for Davenport, Botefuhr never paid the gift tax he owed the Government and the Government ultimately brought this suit to collect Botefuhr's gift taxes from Davenport. The amount of the gift tax owed has been established in earlier litigation, but the per share value of the Hondo stock as of July 2, 1980, the established and legally controlling date of the gift, is still an unresolved and hotly contested issue.

To prove the per share market value of the stock on July 2, 1980, and Davenport's resultant exposure, the Government retained the expert services of Donald Barker. After an impressive and exhaustive evaluation of the Hondo Drilling Company, Barker issued a lengthy report including his ultimate opinion that the market value of the Hondo stock on July 2, 1980, was $2,665.00 per share, for a total gift value of $1,428,440.00. Barker's evaluation, he freely admits, is based upon the implicit assumption that Aunt Birnie had "good and legal" title to the stock at the time of the gift. But the undisputed evidence shows that Aunt Birnie's ownership in the stock was "clouded" at that time and Barker concedes that his evaluation would "not apply" in such a scenario. In fact, Barker testified that he was unaware of any methodology to permit calculation of the stocks' value under these circumstances that would not be speculative.

With all due respect to the highly qualified Barker, it is the finding of this Court that his opinion is irrelevant and unreliable given the facts of this case. Indeed, Barker admittedly relies on a fateful assumption that is completely inconsistent with the undisputed facts. Barker's failure to consider the devaluative effect of the cloud on Aunt Birnie's ownership interest in the stock invalidates a basic foundation of his opinion and renders it inadmissible: his methodology simply does not "fit" the undeniable facts of this case.

The Government argues that Davenport's challenge merely addresses the weight to be given Barker's testimony, not its admissibility. This Court respectfully disagrees. An expert's hypothetical opinion on damages, or value, must contain some degree of certitude. <u>Alcatel USA, Inc. v. Cisco Systems, Inc.</u>, 239 F.Supp 2d 660, 669 (E.D. Tx. 2002)   Moreover, the evidence by which a jury must ascertain value cannot be based upon sheer speculation. <u>Metallurgical Industries, Inc. v. Fourtek, Inc.</u>, 790 F.2d 1195, 1208 (5th Cir. 1986)   Hence, even if this

2

Court were to admit Barker's testimony at trial, it would not provide a sufficient basis from which the jury could arrive at a reasonable and reliable estimate of the per share value of the Hondo stock on July 2, 1980.  Cf. <u>El Aguila Food Products, Inc. v. Gruma Corp.</u>, 131 Fed. Appx. 450, 2005 WL 1156090 (5th Cir. May 17, 2005)   Any finding by the jury would be inpermissibly speculative.

For the foregoing reasons, it is the **ORDER** of this Court that the "Motion to Strike Opinion Testimony of Plaintiff's Expert, Donald W. Barker" (Instrument no. 151) of Defendant Gordon E. Davenport, is **GRANTED**.

**DONE** at Galveston, Texas, this    18th    day of October, 2005.

John R. Froeschner
United States Magistrate Judge