IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-03-923 |
| | § | |
| GORDON E. DAVENPORT | § | |

**<u>OPINION AND ORDER</u>**

Before the Court is the "Third Motion for Summary Judgment" of Defendant, Gordon E. Davenport. Having carefully considered the Parties' numerous submissions and legal arguments, the Court is of the Opinion that the Government has no admissible evidence to prove the amount of its damages and that the Motion for Summary Judgment must be granted.

Summary Judgment is appropriate when a Plaintiff fails to establish the existence of an element essential to its case upon which the Plaintiff has the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)   In the instant case the Government bears the burden of proving its damages and its damages are an essential element of its claim for unpaid gift taxes. Unfortunately, for the Government, all of the evidence it proposes to introduce at trial to prove the per-share value of the 1,610 shares of Hondo stock on July 2, 1980, the date it was given to Davenport by his Aunt Birnie, is, for one or more reasons, inadmissible. As a consequence, the Government's claim fails as a matter of law.

The Government's attempt to prove the value of the stock by the Stipulation entered in the tax court case involving the Estate of Birnie Davenport ignores the limiting language of the Stipulation itself. It also runs afoul of the preclusive effect of Rule 408 of the Federal Rules of Evidence. The Stipulation was clearly reached to settle that litigation; it cannot be used to prove

the value of the Government's claim in this suit.  See MaHann v. Firestone Fire & Rubber Co., 713 F.2d 161, 166 (5th Cir. 1983)

The sale of Botefuhr's stock for $2,190.00 per share in July 1981 is a post-event transaction which is inadmissible under existing Fifth Circuit authority.  See Estate of Smith v. Commissioner, 198 F.2d 515 (5th Cir. 1999)

The Judgment taken against Botefuhr by the Government which, by agreement, established the stock's value at $2,190.00 per share is also barred by Rule 408 and Estate of Smith, *supra*.

Finally, the Court has concluded that the newly surfaced Agreement is, despite its broad language, also inadmissible.  Under Oklahoma law, when the terms of a contract are susceptible to only two reasonable constructions, the terms will be construed against the drafter of the contract.  McMinn v. City of Oklahoma City, 952 P.2d 517, 522 (Okla. 1997)    The Government has conceded that it drafted the Agreement which, *inter alia*, values Hondo stock at $2,400.00 per share as of December 2, 1979.  For the purposes of this litigation, the relevant terms of the Agreement can have only two reasonable interpretations.  First, as the Government contends, the Agreement can be read to establish the per-share value of **any** Hondo stock and its admissibility in **any** proceeding involving tax liability.  Or, second, as Davenport contends, it can be read to establish the value of Elizabeth Davenport's Hondo stock and be admissible only in proceedings involving tax liability wherein the basis of Elizabeth's stock is an issue.  Applying Oklahoma law, the Court is bound to construe the terms in Davenport's favor.  Such a construction is also consistent with the underlying reason for the agreement.  The Agreement was made "for settlement" of the litigation involving the Estate of Elizabeth Davenport and as

a Settlement Agreement it is inadmissible under Rule 408 to prove the value of the Hondo stock involved in this case.  See Belton v. Fibreboard Corp., 724 F.2d 500, 504-05 (5th Cir. 1984)

For the foregoing reasons, the Court finds that the Government has no admissible evidence to prove an essential element of its claim:  the per-share value of the Hondo stock of Birnie Davenport as of July 2, 1980.  It is, therefore, the **ORDER** of this Court that the "Third Motion for Summary Judgment" (Instrument no. 170) of Defendant Gordon E. Davenport is **GRANTED**.

**DONE** at Galveston, Texas, this _____18th_____ day of January, 2006.

John R. Froeschner
United States Magistrate Judge