IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-03-923 |
| | § | |
| GORDON E. DAVENPORT | § | |

## OPINION AND ORDER

Following the remand of this case by the United States Court of Appeals for the Fifth Circuit, and the denial of a Petition for Writ of Certiorari by the United States Supreme Court, the Government filed its "Motion for Entry of Judgment" arguing that the Court of Appeals' determination, that the value of the stock giving rise to the transferee liability of Defendant, Gordon Davenport, for unpaid gift taxes was $2,000.00 per share, resolved this dispute in its favor. Upon the request of Davenport, this Court granted leave to file a combined Response to the Government's Motion and Motion for Summary Judgment. Having now considered the Parties' submissions and heard the arguments of counsel at a Hearing on the Government's Motion, this Court issues its Opinion and Order.

This Court earlier ruled that the stock valuation stipulation entered in the tax court litigation between the Estate of Bernie Davenport and the Government was not binding on Davenport in this litigation because the elements of collateral estoppel could not be established by the Government. Unfortunately, for Davenport, the Court of Appeals decided that the doctrine of res judicata, not collateral estoppel, was the doctrine applicable to the facts in this case and held that "res judicata binds Gordon Davenport to the value of the Hondo stock established in the tax court proceedings. The doctrine also precludes him from relitigating other issues that were or could have been

litigated in that suit, such as whether the statute of limitations barred assessment of the gift tax on either the gift to Botefuhr or the gifts involved in the installment sale transactions." It further held that the Government had not waived res judicata in the stipulation "because the language does not expressly waive res judicata or express any intent regarding future proceedings. The stipulation merely states the parties' intent with regard to the proceeding in the tax court: that the Hondo stock should be valued at $2,000.00 per share."

In his Response/Motion Davenport asks the Court to find that the Government did, in fact, waive its right to invoke res judicata and to refuse to honor the Court of Appeals' determination that res judicata precludes relitigation of the stock's value. The Court is not persuaded to do so.

The law of the case doctrine contemplates that "an issue of fact or law decided on appeal may not be re-examined either by the district court on remand or by the appellate court on a subsequent appeal," Tollett v. City of Kemah, 285 F.3d 357, 363 (5th Cir. 2002), "unless (i) the evidence on a subsequent trial was substantially different, (ii) controllng authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice." North Mississippi Communications, Inc. v. Jones, 951 F.2d 652, 656 (5th Cir. 1992)    Here, there is no substantially different evidence: the Court of Appeals has already considered the limiting language of the stipulation, and, in the opinion of this Court, the affidavit of the Estate's attorney and the copies of the negotiation letters now submitted, which do "not *expressly* waive res judicata or *express* any intent regarding future proceedings," (emphasis added) are merely cumulative evidence to support the waiver argument which was expressly rejected by the Court of Appeals. There has been no controlling contrary decision from the United States Supreme Court or the Court of Appeals for the Fifth Circuit since the remand.

Despite Davenport's accusation that the Government is now reneging on its prior agreement, this Court is not at liberty to find that the Court of Appeals' reversal was clearly erroneous.  Cf. Russell v. Sunamerica Securities, Inc., 962 F.2d 1169, 1176-77 (5th Cir. 1992) (Collateral attack on a prior judgment allegedly procured by fraud should be addressed to the court which rendered the judgment.)   Nor can this Court declare that a manifest injustice will result from the Court of Appeals' ruling; after all, if the taxes are owed to the Government by Davenport, the Government is entitled to collect them.

For the foregoing reasons, it is the **ORDER** of this Court that the Motion for Summary Judgment (Instrument no. 206) of Gordon Davenport is **DENIED** and that the "United States' Motion for Entry of Judgment" (Instrument no. 198) is **GRANTED**.

**DONE** at Galveston, Texas, this _____16th_____ day of June, 2008.

John R. Froeschner
United States Magistrate Judge